GRAFICART CORPORATION, Petitioner, *v.* PUERTO RICO LABOR RELATIONS BOARD, Respondent.

No. O-67-401.     Decided June 24, 1969.

*Dubón & Dubón* and *Celso Suárez Alicea* for petitioner. *J. F. Rodríguez Rivera, Acting Solicitor General, Celia Canales González, Marta Ramírez Vera,* and *José E. Rodríguez Rosaly* for respondent.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE RIGAU delivered the opinion of the Court.

On July 26, 1967 the complaint in this case against the following three firms, Graficart Corporation and/or Imprenta La Milagrosa and/or Congregación San Vicente de Paul was filed before the Puerto Rico Labor Relations Board. In the same the following was alleged:

"1.—Defendants are engaged or have been engaged in the operation and management of a printing shop, work for the performance of which they utilize the services of employees and they are employers according to the meaning of the law.

"2.—The complainant is a labor organization in the meaning of the law, which represents, for the purposes of collective bargaining, defendants' employees.

"3.—On or since August 11, 1964 defendants have refused and continue refusing to bargain collectively with the Unión de Tipógrafos de Puerto Rico, Local 478, AFL-CIO.

"4.—On or since August 14, 1964 defendants have discriminated against the tenure of employment of their employees in declaring a lockout on account of the union activities of their employees.

"5.—For the aforesaid conduct defendants have violated and continue violating § 8(1) (a), (c) and (d) of the Puerto Rico Labor Relations Act, 29 L.P.R.A. § 69(1) (a), (c), and (d)."

In the complaint the defendants were warned that if they did not answer within the statutory term of five days granted to them the allegations of the complaint would be deemed as admitted and it would be understood that they waived the public hearing and the Report of the Trial Examiner. The term expired and defendants did not answer the complaint.

After some procedures which we need not specify the Board, by its Order of August 18, 1967, granted a motion submitted by petitioner and set the hearing of the case for September 7 of that year. Defendants had not yet answered the complaint on said September 7, 1967, date set for the public hearing and for that reason the Trial Examiner declared them in default. Petitioner's counsel appeared at the hearing and stated that the answer was ready but that he could not present it because it was not signed and because he did not know whether the firm's director agreed to what was expressed in it.

In view of this situation the Trial Examiner submitted his report to the Board recommending to deem as admitted all the allegations in the complaint. On September 15, 1967

petitioner requested the holding of a hearing, which was denied by the Board. On October 11, 1967 the Board rendered its Decision and Order by which it adopted the Trial Examiner's conclusions and approved his recommendations. The Board stated in its Decision and Order: "At this time, even though they object to the recommendations of the Trial Examiner, none of the defendants has offered its answer to the complaint."

In view of the foregoing and on the basis of the Trial Examiner's report, of the provisions of the act and the regulations and in view of what was considered an attitude of contempt on the part of defendants towards the Board, the latter ordered to comply with the Trial Examiner's recommendations, which the Board adopted and which consist in ordering the Imprenta La Milagrosa and/or Graficart Corporation and/or Congregación San Vicente de Paul to:

"1.—Cease and desist from:

(a) Refusing to bargain collectively with the Unión de Tipógrafos de Puerto Rico, Local 478, AFL-CIO, as collective representative of its employees for the purposes of the collective bargaining.

(b) Intervening with its employees in the exercise of the rights guaranteed by § 4 of the Puerto Rico Labor Relations Act.

2.—To take the following affirmative action in order to help to effectuate the purposes of the law:

(a) To bargain collectively with the Unión de Tipógrafos de Puerto Rico, Local 478, AFL-CIO, at the request of the latter, as the exclusive representative of its employees for the purposes of the collective bargaining.

(b) To reinstate in their jobs or in similar ones, the employees who were discriminatorily laid off, by the lockout declared on August 14, 1964, and to compensate them the wages which they did not receive, since then less the income, if any, which they might have received during this period as wages.

(c) To post immediately in conspicuous places of its business copy of the notice which is made part of the present Report and keep it posted for a period of not less than sixty (60) consecutive days counted as of the date of its posting.

(d) To notify the Chairman of the Board within the ten (10) days following the date of this Report, the measures taken to comply with what is ordered herein."

The petitioner alleges that the charges contained in the decision and order of the Board, and which the latter deemed as admitted when they were not denied, according to the authority granted by the Act,[1] are not true and it also alleges that it is impossible to comply with the order of the Board because it orders three firms or enterprises to do the same thing.

As we have seen from the text of the aforecited act, the Board acted within the discretion permitted by law and we do not find reasons to justify our intervention with that determination of the Board. We do not agree with the allegation that it is impossible to comply with the order because it orders three firms to do the same thing since the Board's order is directed to "Imprenta La Milagrosa and/or Graficart Corporation and/or Congregación San Vicente de Paul," therefore the order of the Board should be obeyed by the defendant or defendants upon which it is binding. What is proper to do, and thus it shall be ordered, is to remand this case to the Labor Relations Board so that the latter may hold a hearing for the only purpose of determining petitioner's liability with regard to the compliance with the Board's order and the amount of back pay, if any, which petitioner must satisfy to the employees discriminatorily discharged.

---

[1] "All allegations of any complaint so issued which are not denied shall be deemed admitted and the Board may thereupon make findings of fact and conclusions of law with respect to such undenied portions of the complaint."—29 L.P.R.A. § 70(1)(a); § 9 of Act No. 130 of May 8, 1945.